# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| KATHY RUSSELL; TIFFANY ASHLEY; and KRYSTAL STASKO, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case No.: 5:19-cv-1179-LCB[1] |
| v. | )<br>) |
| TYSON FARMS, INC. d/b/a RIVER VALLEY INGREDIENTS; JASON SPANN; HYDRASERVICE, INC., and JASPER WATER WORKS AND SEWER BOARD, INC. | )<br>)<br>)<br>)<br>) |
| Defendants. | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the defendants' motion to strike the plaintiffs' class allegations. (Doc. 20). According to the defendants, the plaintiffs' proposed class definition is a legally improper "fail-safe" class whose membership can only be determined after the case has been litigated. *Id.* at 2. The defendant correctly asserts that these types of class definitions are disfavored by the Eleventh Circuit. *See*

---

[1] This case is consolidated with *Ashley, et al, v. Tyson Farms, Inc., et al.*, 5:19-cv-1180-LCB. Unless otherwise indicated, all citations in this memorandum opinion refer to the record in case number 5:19-cv-1179-LCB, *Russell, et al. v. Tyson, et al.*

*Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1277 (11th Cir. 2019).  The plaintiffs' proposed class definition is as follows:

> All Alabama residents who have been personally injured and/or damaged or will in the future be personally injured and/or damaged as a result of the June 6, 2019 wastewater spill/contamination and the subsequent containment, handling, and/or remediation of said spill/contamination.
>
> This class includes, but is not limited to, all Alabama residents who have experienced personal injury, pain, suffering, monetary damages, mental anguish, emotional distress, and/or humiliation as a result of the June 6, 2019 wastewater spill/contamination and the subsequent containment, handling, and/or remediation of said spill/containment.

(Doc. 1, p. 11-12).

The Eleventh Circuit has defined fail-safe classes as classes "whose membership can only be determined after the entire case has been litigated and the court can determine who actually suffered an injury."  *Cordoba* 942 F.3d at 1277 *citing* 1 William B. Rubenstein, *Newberg on Class Actions* § 2:3 (5th ed. 2016). Membership in the plaintiffs' proposed class requires proof of at least two elements that they would be required to prove at trial, i.e., proximate cause and damages. Other judges in this District have defined fail-safe classes as ones that "use[] legal terminology whose application is linked to the ultimate merits of [the] case" and noted that "[c]lass eligibility would (at least partially) hinge on finding that any given plaintiff had a viable claim against [the defendant]." *Hurt v. Shelby Cty. Bd. of Educ.*, No. 2:13-CV-230-VEH, 2014 WL 4269113, at *1 (N.D. Ala. Aug. 21,

2014).  Fail-safe classes present, among other things, administrative difficulties in ascertaining class members.  In *Bohannan v. Innovak Int'l, Inc*., 318 F.R.D. 525, 528 (M.D. Ala. 2016) another district court in this Circuit noted that

> Rule 23 has been construed to include an implicit requirement that the purported class be ascertainable by reference to objective criteria. *Bussey v. Macon Cty. Greyhound Park*, 562 Fed. Appx. 782, 787 (11th Cir. 2014). The objective criteria should allow class members to be identified in a manner that is administratively feasible, which means that identifying class members requires little, if any, individual inquiry. *Id.*
>
> Where the proposed class definition requires the court to determine the merits of an individual class member's claims as a predicate to determining her membership in the class, the class is not ascertainable. *See Likes v. DHL Express*, 288 F.R.D. 524, 531–32 (N.D.Ala.2012). These 'fail-safe' classes, which are framed in terms of legal conclusions, are not administratively feasible. They inevitably require mini-trials to determine which individuals belong to the class. William H. Rubenstein, *Newberg on Class Actions* § 3:6 (5th ed.).

The plaintiffs argue that their class is not a fail-safe class because, they say, their definition does not include *all* of the elements they would need to ultimately prove at trial, i.e., that the defendants were negligent, acted wantonly, etc.  The plaintiffs cite a case from the United States District Court for the Southern District of Florida for the proposition that "a class description or definition <u>only</u> constitutes a 'fail safe' class if the 'definition incorporates all the elements of a ... claim.'" (Doc. 48), *quoting Fennell v. Navient Sols., LLC*, No. 6:17-cv-2083-Orl-37DCI, 2019 WL 3854815, at *4 (M.D. Fla. June 14, 2019)(emphasis added).  However, that slightly misrepresents what the court actually said in *Fennell*.  In the quoted passage, the

3

court was simply noting that the proposed class definition in *that* particular case incorporated all the elements of the claim at issue.  Later in the opinion, the court defined a fail-safe class as "one whose definition incorporates the elements of a successful claim, such that determining whether an individual is a member of a class 'front-ends a merits determination on [the defendant's] liability.'"  *Id. quoting Alhassid v. Bank of Am., N.A.*, 307 F.R.D. 684, 694 (S.D. Fla. 2015).  This Court does not interpret that language to say that classes are fail safe *only* if the definition contains all of the elements of the alleged cause of action.

Although the proposed class definition in the present case does not include all the elements of the alleged causes of action, the Court finds that it presents the same ascertainability issues as one that does.  *See Likes v. DHL Exp.*, 288 F.R.D. 524, 531–32 (N.D. Ala. 2012), *quoting Indiana State Emp. Ass'n, Inc. v. Indiana State Highway Comm'n*, 78 F.R.D. 724, 725 (S.D. Ind.1978)("Another ascertainability issue raised by DHL stems from the language of the class definition, which mirrors the determinations that must be made under the WARN Act to assess liability.  Some courts have referred to this as a 'fail-safe' class in which '[t]he proposed class definition is in essence framed as a legal conclusion.'").  Because the plaintiffs will be required to prove damages and proximate causation at trial, there runs the possibility of a set of plaintiffs who, unable to prove damages and proximate causation – and therefore ultimate liability – would, by virtue of that failure, not be

4

included in the class. Consequently, those plaintiffs would not bound by the judgment. Accordingly, the Court finds that the purported class, as presently defined, is a legally improper fail-safe class.

In their response to the defendants' motion to strike, the plaintiffs asked for "leave to amend, refine, or clarify the class description contained in [their] Complaint" should the Court find some merit in the defendants' motion. (Doc. 48, p. 5). Leave to amend is hereby **GRANTED**. The plaintiffs also asked to conduct limited discovery in order to refine their class definition. The Court will set a telephone conference in the near future to discuss this matter as well as the jurisdictional discovery that was alluded to in the Court's February 5, 2020, order staying discovery.[2] After the telephone conference, the Court will enter an order setting a deadline for the plaintiffs' amendment, any renewed motions, and a schedule for any needed discovery.

**DONE** and **ORDERED** June 8, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

[2] The Court's order staying discovery (Doc. 56) is the subject of the parties' joint motion for clarification that was filed on June 2, 2020. (Doc. 58). The Court will clarify any issues in the above-mentioned telephone conference.

5