## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| KATHY RUSSELL;<br>TIFFANY ASHLEY; and<br>KRYSTAL STASKO,<br>individually and on behalf of<br>all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>TYSON FARMS, INC. d/b/a<br>RIVER VALLEY INGREDIENTS;<br>JASON SPANN;<br>HYDRASERVICE, INC.; and<br>JASPER WATER WORKS<br>AND SEWER BOARD, INC.<br><br>    Defendants. | Civil Action No.: 5:19-cv-01179-LCB<br><br>JURY DEMAND |

---

## FIRST AMENDED
## CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT

---

COME NOW the Plaintiffs, KATHY RUSSELL, TIFFANY ASHLEY, and KRYSTAL STASKO (collectively "Plaintiffs" or "Representative Plaintiffs"), and bring this First Amended Consolidated Individual and Class Action Complaint on behalf of themselves, and on behalf of a Class of others similarly situated. Pursuant to Orders entered by the Court on June 8, 2020 (Doc. 59), June 12, 2020 (Doc. 61), and September 1, 2020 (Doc. 64), as well as the Order entered by the Court on

February 5, 2020 (Doc. 54) consolidating Case No. 5:19-cv-01179-LCB and Case No. 5:19-cv-01180-LCB, Plaintiffs allege the following:

## I. <u>INTRODUCTION</u>

1.      Plaintiffs, Kathy Russell, Tiffany Ashley, and Krystal Stasko (collectively "Representative Plaintiffs"), individually and as representatives of the class defined herein (the "Class"), bring this action against the Defendants Tyson Farms, Inc. d/b/a River Valley Ingredients ("Tyson"), HydraService, Inc. ("HydraService"), Jasper Water Works and Sewer Board, Inc. ("JWWSB"), and Jason Spann ("Spann"), who are identified in the caption of this First Amended Consolidated Individual and Class Action Complaint and below ("Defendants"), and aver as follows:

2.      This is a class action, brought pursuant to Rule 23 of the Alabama Rules of Civil Procedure, to recover damages suffered by the Representative Plaintiffs and members of the proposed Class as a result of the contamination of the Mulberry Fork segment of the Black Warrior River, and the subsequent transmission of unsafe and/or tainted water to residents, workers, property owners, and/or business owners in the State of Alabama including, but not limited to, residents, workers, property owners, business owners, and/or other individuals and entities who have been personally injured and economically damaged as a result of the above-referenced

incident which Defendants Tyson, HydraService, Spann, and JWWSB caused, contributed to cause, and/or exacerbated.

3.　　The above-referenced water contamination caused and/or contributed to by Defendants Tyson, Spann, and HydraService, as well as Defendant JWWSB's failure to timely, properly, appropriately, and/or adequately plan for, contain, remediate, address, and/or warn Representative Plaintiffs and members of the Class about the same, have caused, contributed to cause, and/or directly and/or proximately resulted in significant injuries and damages to Representative Plaintiffs and members of the Class, and will continue to cause, contribute to cause, and/or directly and/or proximately result in significant injuries and/or damages to Representative Plaintiffs and members of the Class in the future.

4.　　Such injuries and damages include, but are not limited to, compensatory damages, personal injuries, economic damages, non-economic damages, consequential damages, medical expenses, out-of-pocket expenses, lost wages, lost earning capacity, pain, suffering, mental anguish, and emotional distress. In addition, Representative Plaintiffs and the members of the Class are seeking recovery of punitive damages based upon the Defendants' wanton, reckless, willful, and/or malicious conduct in relation to the subject wastewater spill and contamination incident.

## II.  JURISDICTION

5.     This Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2) because: (a) the matter in controversy and the aggregate sum of each individual Plaintiff and Class member's claims exceeds the sum or value of $5,000,000.00, exclusive of interest and costs; (b) this is a class action brought pursuant to Fed. R. Civ. P. 23 by one or more citizens of a State that is different from the State where at least one of the Defendants is a citizen, is incorporated, has its principal place of business, or does business; and (c) the aggregate number of members in the proposed Class exceeds 100 members;

6.     Prosecution of this action in this district is proper under 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to the claims asserted herein occurred in this district and/or a substantial part of the property at issue in this action is situated in this district.

## III.  PARTIES

7.      Plaintiff Kathy Russell is an individual over the age of nineteen (19) years and is a resident of Walker County, Alabama.

8.     As a result of the events described herein, Kathy Russell has been exposed to and/or negatively affected by contaminated water, raw sewage, effluent materials, toxins, bacteria, contaminants and/or other dangerous and unsafe materials, and has suffered personal injuries and/or damages including, but not

limited to, compensatory damages, personal injuries, economic damages, non-economic damages, consequential damages, medical expenses, out-of-pocket expenses, lost wages, lost earning capacity, pain, suffering, mental anguish, emotional distress, and/or humiliation.

9.    Plaintiff Tiffany Ashley is an individual over the age of nineteen (19) years and is a resident of Walker County, Alabama.

10.    As a result of the events described herein, Tiffany Ashley has been exposed to and/or negatively affected by contaminated water, raw sewage, effluent materials, toxins, bacteria, contaminants and/or other dangerous and unsafe materials, and Tiffany Ashley has suffered personal injuries and/or damages including, but not limited to, compensatory damages, personal injuries, economic damages, non-economic damages, consequential damages, medical expenses, out-of-pocket expenses, lost wages, lost earning capacity, pain, suffering, mental anguish, emotional distress, and/or humiliation.

11.    Plaintiff Krystal Stasko is an individual over the age of nineteen (19) years and is a resident of Walker County, Alabama.

12.    As a result of the events described herein, Krystal Stasko has been exposed to and/or negatively affected by contaminated water, raw sewage, effluent materials, toxins, bacteria, contaminants and/or other dangerous and unsafe materials, and has suffered personal injuries and/or damages including, but not

limited to, compensatory damages, personal injuries, economic damages, non-economic damages, consequential damages, medical expenses, out-of-pocket expenses, lost wages, lost earning capacity, pain, suffering, mental anguish, emotional distress, and/or humiliation.

13. Defendant Tyson Farms, Inc. d/b/a River Valley Ingredients (hereinafter "Tyson") is and was at all times relevant and material to this action a foreign corporation that was formed and/or incorporated in the state of North Carolina with its principal place of business located in or near Wilkesboro, North Carolina.

14. Defendant Tyson owned, operated, managed, ran, and/or controlled the River Valley Ingredients plant located in Cullman County, Alabama, and at all times relevant and material to this First Amended Consolidated Individual and Class Action Complaint, and caused, contributed to cause, and/or allowed raw sewage, effluent materials, toxins, bacteria, and/or other contaminants to be discharged into the Mulberry Fork of the Black Warrior River, causing the damages complained of by the Representative Plaintiffs and/or members of the proposed Class referenced herein.

15. Defendant Jason Spann (hereinafter "Spann"), individually, and in his capacity as Plant Manager, agent, employee, servant, borrowed servant, loaned servant, representative, and/or affiliate of Defendant Tyson's River Valley

Ingredients plant, is and was at all times relevant and material to this action an individual over the age of nineteen (19) years and resides in Cullman County, Alabama.

16.    Defendant Jason Spann is and/or was at all times relevant and material to this action the individual in charge of the safe and proper operation of the discharge of sanitary wastewaters associated with the rendering operations of the plant, but who failed to ensure that raw sewage, effluent materials, toxins, bacteria, and/or other contaminants would not be discharged into the Mulberry Fork of the Black Warrior River causing the damages complained of by the Representative Plaintiffs and members of the Class referenced herein.

17.    Defendant HydraService, Inc. (hereinafter "HydraService") is and was at all times relevant and material to this action a domestic corporation incorporated in the state of Alabama with its principal place of business located in Blount County, Alabama.

18.    Upon information and belief, Defendant HydraService was the contractor that leased, rented, assembled, installed, maintained, repaired, altered, constructed, and operated a pump/pump(s), pipe(s)/piping, and/or other equipment or component parts at the River Valley Ingredients plant in Hanceville, Alabama which was/were used to pump and/or transfer raw sewage, effluent materials, toxins, bacteria, and/or other contaminants using the plant wastewater system from one

wastewater basin to another on, near, and/or around the property where the River Valley Ingredients plant was located.

19.     Upon information and belief, Defendant HydraService's pump/pumps, pipe(s)/piping, and/or other equipment or component parts malfunctioned and/or failed, and discharged hundreds of thousands of gallons of raw, untreated, and/or partially treated wastewater and other effluent contaminants into the Mulberry Fork of the Black Warrior River and caused and/or contributed to cause the damages complained of by the Representative Plaintiffs and members of the proposed Class referenced herein.

20.     Defendant Jasper Water Works and Sewer Board, Inc. (hereinafter "JWWSB") is and was at all times relevant and material to this action a domestic corporation incorporated in the state of Alabama with its principal place of business located in Walker County, Alabama.

21.     At all times relevant and material to this action, Defendant JWWSB provided water, drinking water, and water and sewer services to citizens and residents of Walker County, Alabama and, in doing so, drew, used, and/or utilized water from the Mulberry Fork portion of the Black Warrior River – one of the principal locations of the spill, discharge, and contamination incident(s) made the basis of this action.

## IV.    **FACTUAL ASSERTIONS**

22.    Plaintiffs hereby adopt and incorporate all prior paragraphs of this First Amended Consolidated Individual and Class Action Complaint as if set out fully herein.

23.    The Mulberry Fork begins in northeast Cullman County below Arab, Alabama and flows southwest, forming a portion of the boundary between Cullman County and Blount County.

24.    In western Walker County, the Mulberry Fork is joined by the Sipsey Fork and flows south to man-made Bankhead Lake at the junction of Walker, Jefferson, and Tuscaloosa Counties, where it meets the Locust Fork. Together, the waters flow out of the Bankhead Lake to the southwest as the Black Warrior River, through Tuscaloosa to the Tombigbee River, and then south to Mobile.

25.    Defendant Tyson is engaged in food and/or pet food processing operations in Cullman County, Alabama.  Defendant Tyson's facilities, known as the River Valley Ingredients Plant, are located in close proximity to the Black Warrior River and/or certain tributaries that flow and/or feed into the Black Warrior River.

26.    Defendant Jason Spann is a Plant Manager, agent, employee, servant, borrowed servant, loaned servant, representative, and/or affiliate of Defendant Tyson and Tyson's River Valley Ingredients Plant.

27.     In that role, Defendant Spann is charged with certain responsibilities including, but not limited to, the safe and proper operation, containment, transfer, and/or discharge of sanitary wastewaters associated with the rendering operations of the plant, and ensuring that raw sewage, effluent materials, toxins, bacteria, and/or other contaminants are not discharged into public waterways and/or water sources.

28.     On or about June 5, 2019 and/or June 6, 2019, a wastewater spill and/or discharge contaminated the waters of the Mulberry Fork along the Black Warrior River.

29.     According to the Alabama Department of Environmental Management, the spill on the Mulberry Fork of the Black Warrior River happened at the "River Valley" plant when a pipe failed to properly transfer partially-treated wastewater from one holding pond, basin, and/or container to another.

30.     The River Valley plant is and was at all times relevant and material to this action owned, operated, managed, run, and/or controlled by Defendant Tyson.[1]

31.     Upon information and belief, the pump/pumps, pipe(s)/piping, and/or other equipment that failed and/or malfunctioned and caused or contributed to cause the above-referenced wastewater spill and contamination was/were leased, rented,

---

[1] In 2016, the same facility was fined a mere $19,000 when it dumped more than 900 gallons of acid into the river and killed approximately 40,000 fish.

assembled, installed, maintained, repaired, altered, constructed, and/or operated by Defendant HydraService.

32.    Defendants Tyson, Spann, and/or HydraService caused, contributed to cause, and/or allowed the occurrence of the above-referenced wastewater spill and/or discharge, which caused such significant and toxic contamination that it triggered a massive fish kill in areas as far as 40 miles from the River Valley plant.

33.    On the day after the above-referenced contamination, spill, and/or discharge occurred, Defendant Tyson issued the following public notice:

> **This is a notice to the general public: on June 6, 2019, due to a failure in a pipe owned by River Valley Ingredients located near Hanceville, Alabama, partially treated effluent is believed to have reached the Dave Young creek, which flows to the Mulberry Fork…In an abundance of caution, the public is encouraged to avoid recreating in Dave Young creek or the Mulberry Fork until further notice.**

34.    According to Alabama's Division of Wildlife and Freshwater Fisheries, early reports indicated that up to 800,000 gallons of wastewater was spilled and/or discharged from Defendant Tyson's River Valley Ingredients plant in Hanceville during the subject incident in June 2019.[2]

---

[2] For reference, an 800,000-gallon spill would be enough to fill 1-gallon jugs lined side by side for nearly 70 miles. It also could fill a walled-in football field including the end zones with a 14-foot-high pool of oil.

35.    The contaminated water (referred to as "bad water" by the director of the Jasper Water Works and Sewer Board) poured into the Mulberry Fork before moving downstream to the Sipsey Fork and the Black Warrior River – killing an estimated 175,000 fish in the process.[3]

36.    The pollution and dead fish contaminated river water for miles downstream, including the area from which the JWWSB filtering plant draws its water – approximately two (2) miles below the point where the Mulberry Fork flows into the Sipsey Fork of the Black Warrior River.

37.    Following the subject wastewater spill, water samples taken approximately 28 miles downstream from the spill showed the presence and alarming levels of the bacteria *Escherichia coli* (commonly referred to as "*E. coli*").

38.    In fact, the levels of E. coli found in the Warrior River samples were *double* the maximum amount allowed by the state of Alabama in surface water.

39.    In addition to its failure to anticipate such an issue concerning water quality, Defendant JWWSB and its employees, agents, servants, borrowed servants, loaned servants, representatives, and/or affiliates negligently and/or wantonly

---

3 The Alabama Department of Conservation and Natural Resources released a conservative estimate that 175,000 fish were killed.  However, the Assistant Chief of Fisheries for ADCNR admitted that the incident was so large that "direct counts of dead fish were not possible," and further stated that "it appears that most of the fish in the affected area were killed" because "dissolved oxygen dropped to levels that most fish cannot easily survive."

assumed incorrect facts about the spill and/or failed to immediately and/or timely take proper, appropriate, and necessary measures to protect the public from using, consuming, ingesting, and/or being exposed to or negatively affected by contaminated water.

40.     Despite admittedly not knowing "what all went on up there," Defendant JWWSB declared that "the water is safe to drink."

41.     Defendant JWWSB has admitted that it took no precautionary actions in the immediate aftermath of the Tyson wastewater spill/discharge incident.

42.     Despite publicly admitting that the water was "dirty," Defendant JWWSB failed and/or refused to warn the citizens of Walker County that they should not ingest, consume, use, come into contact with, and/or be exposed to the polluted/contaminated water.

43.     Not long before the June 5-6, 2019 wastewater spill/discharge incident occurred at Defendant Tyson's River Valley Ingredients plant in Hanceville, Defendants Tyson, HydraService, and Spann experienced a similar wastewater system failure/malfunction and/or wastewater spill/discharge incident in May 2019 and, more specifically, on or about May 26, 2019.

44.     Upon information and belief, prior to the June 5-6, 2019 wastewater spill/discharge incident at its River Valley Ingredients plant in Hanceville and prior to the commencement of this action on July 24, 2019, Defendant Tyson and/or its

subsidiaries and/or its affiliates had experienced, and knew and were aware of, other spill, discharge, pollution, and/or contamination incidents at plants and facilities that were owned, operated, managed, run, and/or controlled by Defendant Tyson and/or its subsidiaries and/or its affiliates, some of which resulted in lawsuits, claims, and/or litigation, including class actions, which were initiated and asserted against, and/or involved, Defendant Tyson, Defendant HydraService, Defendant JWWSB, subsidiaries and/or affiliates of Tyson, HydraService, and/or JWWSB, and/or other named defendants.

45.     As a direct and/or proximate consequence of the wastewater spill/discharge that occurred on June 5, 2019 and/or June 6, 2019, Representative Plaintiffs and members of the proposed Class have sustained injuries and/or damages which include, but are not limited to, compensatory damages, personal injuries, economic damages, non-economic damages, consequential damages, medical expenses, out-of-pocket expenses, lost wages, lost earning capacity, pain, suffering, mental anguish, emotional distress, and/or humiliation. Representative Plaintiffs and Class Members will continue to experience such damages into the foreseeable future.

46.     The Representative Plaintiffs and the members of the proposed Class show that the total number of members of the proposed Class exceeds 100 members.

47.     For example, the number of persons, businesses, and properties who at all times relevant and material to this action were customers of Jasper Water Works

14

and Sewer Board, Inc., or who used, ingested, consumed, came into contact with, or were exposed to water that was provided and/or processed by Jasper Water Works and Sewer Board, Inc. following the subject wastewater spill/discharge incident that occurred on June 5-6, 2019, easily exceeds 100, and those persons, businesses, property owners, and entities would be members of and included in the proposed Class.

48.     The aggregate sum and value of the claims of the Representative Plaintiffs and members of the proposed Class against the Defendants in this action, and the amount in controversy, exceeds $5,000,000.00.

49.     For example, one person who has suffered injuries and damages as a result of and in connection with the June 5-6, 2019 wastewater spill/discharge incident, and who fits within the Class description provided herein, has already incurred medical expense damages of a monetary value exceeding $1,000,000.00.

50.     Another person who has suffered injuries and damages as a result of and in connection with the June 5-6, 2019 wastewater spill/discharge incident, and who fits within the Class description provided herein, has incurred medical expense damages of a monetary value exceeding $50,000.00 as of the date of the filing of this First Amended Consolidated Individual and Class Action Complaint.

51.     Those are only two (2) members of a Class comprised or more than 100 members, and the combined monetary value of their medical expense damages exceeds $1,050,000.00.

52.     The aggregated claims of the other Class members, when combined with the current medical expense damages figures for those two particular Class members, easily exceeds $5,000,000.00.

53.     The Defendants' conduct, acts, and/or omissions under the circumstances was negligent, reckless, wanton, and/or willful; and/or amounts to actual malice.

54.     The injuries and damages suffered by Representative Plaintiffs and the members of the proposed Class were caused by Defendants' negligent, willful, reckless, and/or wanton failure to behave in a reasonable manner and/or failure to adhere to recognized industry standards of care and/or safety practices.

55.     Defendants knew and or were aware of the dangers, hazards, and/or risk(s) or harm associated with their activities and negligently, willfully, recklessly, and wantonly failed to take appropriate measures to prevent, lessen, mitigate, and/or rectify damage to Representative Plaintiffs and the members of the proposed Class.

56.     The subject June 5-6, 2019 wastewater spill/discharge and subsequent mishandling of this significant and harmful event has injured and/or damaged Representative Plaintiffs and members of the proposed Class and will continue to

injure and/or damage Representative Plaintiffs and members of the proposed Class in the future as specifically described herein.

## V.   <u>CLASS ACTION ALLEGATIONS</u>

57.    Plaintiffs hereby adopt and incorporate all prior paragraphs of this First Amended Consolidated Individual and Class Action Complaint as if set out fully herein.

58.    Representative Plaintiffs bring this action and each of the claims asserted herein on their own behalf and on behalf of all others similarly situated, and this action may be properly maintained, pursuant to Ala. R. Civ. P. 23. Representative Plaintiffs are duly representative and typical of the proposed members of the hereinafter described classes and/or sub-classes.

59.    Representative Plaintiffs and members of the proposed Class or subclasses of people are residents of Alabama or are physically located in Alabama and have been damaged and negatively impacted by the subject wastewater spill/discharge/contamination which occurred on or about June 5, 2019 and/or June 6, 2019, the subsequent handling (or mishandling) of the wastewater spill/discharge/contamination, and related and/or remedial events in which the Defendants were involved.

60.    The Class proposed by the Representative Plaintiffs and those they represent is as follows:

**All persons and entities located or residing in Alabama, including owners, possessors, occupiers, and operators of property and businesses, who have used, come into contact with, or whose drinking water was or is derived from, waters of the Black Warrior River and the Mulberry Fork, including those persons who used or use water provided by Jasper Water Works and Sewer Board, Inc., for the time period June 6, 2019 to June 6, 2020.**

(Plaintiffs and others similarly situated may simultaneously be members of more than one class or sub-class, including separately filed legal actions)

61.     Excluded from the Class are:

a.      the Defendants and any entity or entities in which the Defendants have a controlling interest;

b.      any of the legal representatives, heirs, successors, or assigns of the Defendants;

c.      the Defendants' officers and directors;

d.      the parents, siblings, children, and grandchildren of the Defendants' officers and directors;

e.      the Judge to whom this case is assigned;

f.      the parents, siblings, children, and grandchildren of the Judge to whom this case is assigned;

g.      any other judicial officer assigned to this case, including court personnel;

h.      all persons or entities that properly execute and timely file a request for exclusion from the class; and

i.      any of the attorneys representing the Representative Plaintiffs or members of the proposed Class.

62. Plaintiffs reserve the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

63. The members of the Class are so numerous that separate joinder of each member is impractical, within the meaning of Fed. R. Civ. P. 23(a)(1). Although the exact number of members of the proposed Class will be better established after Class notification, upon information and belief, the number of persons, entities, and businesses in the affected area which have been or may in the future be damaged by the subject wastewater spill/discharge/contamination, the subsequent handling (or mishandling) of said wastewater spill/discharge/contamination, and/or any actual or planned remediation efforts exceeds 100.

64. Putative Class members are readily identifiable through records generated, possessed, and maintained by Jasper Water Works and Sewer Board, Inc. and through property records and business listing records, such as records possessed and/or maintained by probate courts, chambers of commerce, and other readily and/or publicly available sources of records and information, and putative Class members may be given any required notice(s) by regular mail, supplemented, if necessary and required by the Court, by published notice.

65. There are common questions of law and fact that exist in and among the Class and which are common to the Class, such as:

a. the June 5-6, 2019 spill/discharge/contamination event and details of it;

19

b.  the factual history of the installation, use, maintenance, servicing, repair, failure, and/or malfunctioning of the wastewater system and tis component parts at the River Valley Ingredients plant in Hanceville;

c.  the Defendants' herein described conduct which caused, brought about, allowed, contributed to cause, exacerbated, and/or significantly increased the risk, damage, and harmful effects of the June 5-6, 2019 spill/discharge/contamination event and/or damages resulting therefrom;

d.  when the Defendants knew or became aware of the June 5-6, 2019 wastewater spill/discharge/contamination;

e.  the actions and steps that were taken by the Defendants to address, attempt to correct, and/or lessen or mitigate the damage(s) of the June 5-6, 2019 wastewater spill/discharge/contamination;

f.  whether and to what extent the storage, treatment, transfer, use, discharge, and/or disposal of wastewater in the manner involved in or related to the June 5-6, 2019 wastewater spill/discharge/contamination incident was or is an inherently dangerous, hazardous, or harmful activity;

g.  whether the Defendants had ever experienced, were ever aware of, or had ever been involved in the same or similar pollution/contamination/spill/discharge events/incidents prior to the June 5-6, 2019 incident made the basis of this action;

h.  the extent of the contamination at the discharge site at/near the River Valley Ingredients plant in Hanceville and the migration of that contamination into the Mulberry Fork and Black Warrior River;

i.  whether, to what extent, and when the Defendants provided the public, including Representative Plaintiffs and members of the Class, any notice or warning of the occurrence of the June 5-6, 2019 wastewater spill/discharge/contamination and any potential harm or risk of harm it posed to them;

j.  whether the Defendants have altered or changed their standards, practices, policies, procedures, rules, regulations, or habits after or in

20

response to the June 5-6, 2019 wastewater spill/discharge/contamination incident and whether such changes were feasible, appropriate, and/or could have been made prior to the June 5-6, 2019 incident;

k.  Defendants' liability to Representative Plaintiffs and members of the proposed Class under the legal theories set forth herein, all of which predominate over any questions solely affecting individual members of the proposed Class; and

l.  The appropriateness of injunctive relief to prevent the Defendants' harmful acts, omissions, actions, and/or behavior from causing harm again in the future.

66.  The questions of law and fact common to members of the Class predominate over any question(s) affecting only individual members of the Class, and thus a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

67.  The duty, breach of duty, violation of laws/regulations/standards/practices, claims, causation, and/or damages, and the theories related to them, asserted by the Representative Plaintiffs, who will be the representative parties, are typical of those to be advanced by the members of the proposed Class, and these Plaintiffs and their claims encompass those of the other Class members they seek to represent, as required by Fed. R. Civ. P. 23(a)(3). The claims are typical because the facts and circumstances giving rise to liability are the same, the claims are based on the same legal theories, and the damages suffered by the Representative Plaintiffs are the same kinds of damages suffered by the members

of the Class. Representative Plaintiffs will thoroughly and adequately represent the interests of the proposed Class and its members.

68.     The Representative Plaintiffs can fairly and adequately protect and represent the interests of each member of the Class as required by Fed. R. Civ. P. 23(a)(4). The Representative Plaintiffs will fairly and adequately protect and represent the interests of the members of the Class based on the following facts and circumstances: their interests do not conflict; their interests are co-extensive with common rights of recovery based on the same essential facts and legal theories; they are members of the same communities; they are similarly damaged and are seeking the same remedies; and they intend to prosecute this action vigorously.

69.     The Representative Plaintiffs have adequate financial resources to prosecute this litigation and have retained the undersigned class counsel, as set forth below, who are experienced in prosecuting class actions, mass tort actions, environmental claims, and complex civil matters.

70.     Further, Plaintiffs' counsel has and will advance all reasonable costs necessary to protect the class, including with regard to hiring necessary experts, conducting discovery, the presentation of class certification motion papers, trying the case, and otherwise vigorously prosecuting the claims set forth herein.

71.     A class action mechanism is superior to all other available methods for the fair and efficient adjudication of this matter. The prosecution of separate actions

by the individual members of the Class would create a risk of: (a) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the Defendants; and/or (b) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the members not parties to the adjudications or substantially impair or impeded their ability to protect their interests.

72.     The Defendants have acted on grounds generally applicable to all members of the proposed Class, making final declaratory and injunctive relief concerning the Class as a whole, if permitted by the Court, appropriate within the meaning of Fed. R. Civ. P. 23(b)(2).

73.     The expenses and burden of individual litigation would preclude many members, if not all, of the aforesaid Class(es) from seeking redress for the harms and wrongs complained of herein, from obtaining justice and access to the courts, and from obtaining the aforesaid necessary injunctive relief.

74.     The Defendants' misconduct, actions, acts, and/or omissions described herein make the requested relief appropriate and necessary to fully protect Plaintiffs and all others similarly situated.

75.     Any difficulties in management of this case as a class action are outweighed by the benefits of a class action with respect to efficiently and fairly disposing of common issues of law and fact as to the large number of litigants.

## VI.   COUNT ONE – NEGLIGENCE AND/OR WANTONNESS

### Defendants Tyson Farms, Inc. and/or Jason Spann

76.     The Representative Plaintiffs, on behalf of themselves and the members of the proposed Class, hereby adopt and incorporate all prior paragraphs of this First Amended Consolidated Individual and Class Action Complaint as if set out fully herein.

77.     Defendants Tyson and Spann owed a duty to Plaintiffs and Class Members to exercise reasonable care in the ownership, installation, construction, use, alteration, operation, management, inspection, training, repair, servicing, and/or maintenance of the River Valley Ingredients Plant and all component parts thereof or attachments thereto, including, but not limited to, all aspects of its wastewater system.

78.     Defendants Tyson and/or Spann had a heightened duty of care to Representative Plaintiffs and members of the proposed Class because of the great danger(s), hazard(s), risk(s) of harm, and environmental concerns associated with the ownership, construction, alteration, operation, use, management, inspection, training, repair, servicing, and/or maintenance of said facilities, including all component parts thereof and/or attachments thereto.

79.     Defendants Tyson and/or Spann breached their legal duty to Plaintiffs and Class Members by failing to exercise reasonable care and acting with reckless,

willful, and wanton disregard for the Representative Plaintiffs and members of the Class, in the ownership, construction, use, alteration, operation, management, inspection, training, repair, servicing, and/or maintenance of the River Valley Ingredients Plant and all component parts thereof or attachments thereto, including, but not limited to, all aspects of its wastewater system.

80.     Defendants' breach includes, but is not limited to, the ownership, construction, use, alteration, operation, management, inspection, training, repair, servicing, and/or maintenance of, or with respect to, the specific equipment, parts, pipe(s)/piping, and/or pumps referenced herein.

81.     The subject wastewater spill/discharge/contamination, acts, omissions, conduct, and/or actions (or inactions) involved in the handling, addressing, and/or containment of said spill/discharge/contamination, and/or the subsequent remediation of said spill/discharge/contamination was caused by the combining and concurring negligence, wantonness, and/or recklessness of the Defendants, including, but not limited to, Defendant Tyson and/or Defendant Spann.

82.     Upon information and belief, Representative Plaintiffs aver that the subject spill/discharge/contamination was caused by the joint and/or combining and concurring negligence, wantonness, recklessness, and fault of the Defendants in the following non-exclusive particulars:

a.      Failing to properly operate the River Valley Ingredients Plant and all component parts thereof or attachments thereto;

b.     Operating the River Valley Ingredients Plant and all component parts thereof or attachments thereto in such a manner that a wastewater spill/discharge/contamination occurred and caused, contributed to cause, or allowed raw sewage, effluent materials, toxins, bacteria, and/or other contaminants to be discharged into the Mulberry Fork of the Black Warrior River;

c.     Failing to properly inspect the River Valley Ingredients Plant to ensure that its equipment and personnel were fit for their intended purpose;

d.     Acting in a careless, reckless, and negligent manner without due regard for the safety of others;

e.     Failing to promulgate, implement, and/or enforce policies, procedures, rules, regulations, protocols, and/or guidelines pertaining to the safe operation(s) of the River Valley Ingredients Plant which, if they had been so promulgated, implemented, observed, and enforced, would have averted the subject wastewater spill/discharge/contamination and/or prevented or limited the spill/discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants into the Mulberry Fork of the Black Warrior River;

f.     Operating the River Valley Ingredients Plant with untrained and/or unlicensed personnel;

g.     Causing, contributing to cause, and/or allowing inadequate, negligent, wanton, reckless, insufficient, and/or irresponsible hiring, training and/or retention of personnel;

h.     Failing to take appropriate action(s) to avoid and/or mitigate the accident;

i.     Negligent implementation of policies and/or procedures to safely conduct the operation(s) of the River Valley Ingredients Plant;

j.     Employing untrained or poorly trained employees and failing to properly train employees;

k.    Failing to confirm and/or ensure that the River Valley Ingredients Plant and its equipment, component parts, and/or attachments were free from defects and/or were in proper working order;

l.    Failure to timely warn;

m.    Failure to timely recognize the release and/or discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants and/or the failure to timely bring the release and/or discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants under control;

n.    Failure to provide appropriate accident preventive equipment;

o.    Failure to timely, frequently, properly, and/or sufficiently observe and read gauges that would have predicted and/or indicated the impending and/or actual release and/or discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants;

p.    Failure to react to signs or indications of present or pending dangerous situations;

q.    The use of defective products, equipment, and/or component parts – including, but not limited to, the pump(s), pipe(s), piping, and/or wastewater system(s) referenced herein;

r.    The use of products, equipment, and/or component parts – including, but not limited to, the pump(s), pipe(s), piping, and/or wastewater system(s) referenced herein – that were improperly assembled, installed, maintained, serviced, repaired, and/or operated;

s.    Acting in a manner that justifies imposition of punitive damages; and

t.    Such other acts, omissions, and/or incidents of negligence, wantonness, and/or recklessness as will be shown at the trial of this matter.

83.    Defendants Tyson and/or Spann knew or should have known that their

negligent, willful, wanton, and/or reckless conduct, acts, omissions, and/or failures

would foreseeably result in the subject spill/discharge/contamination, causing and/or contributing to cause injuries and damage(s) to the Representative Plaintiffs and members of the proposed Class.

84.     The injuries and damages to Representative Plaintiffs and the members of the Class were also caused, contributed to, and/or exacerbated or aggravated by the fact that Defendants Tyson and/or Spann failed to timely take necessary actions to mitigate, lessen, and/or eliminate the danger(s), hazard(s), and/or risk(s) of harm associated with their operations.

85.     In addition, the subject spill/discharge/contamination event would not have occurred had the Defendants exercised the high degree of care imposed on them. Therefore, Plaintiffs plead the doctrine of *res ipsa loquitur.*

86.     Representative Plaintiffs and the members of the Class are entitled to a judgment finding Defendants liable to Representative Plaintiffs and the members of the proposed Class for damages suffered as a result of Defendants' negligence, willfulness, recklessness, and/or wantonness, and an award to the Representative Plaintiffs and the members of the Class of adequate compensation, including punitive damages, in amounts determined by a jury.

**Defendant HydraService, Inc.**

87.     In addition to the above-referenced negligence, recklessness, and/or wantonness of Defendants Tyson and/or Spann, Representative Plaintiffs and the

members of the proposed Class have been injured and/or damaged by the negligence, wantonness, recklessness, acts, omissions, and/or conduct of Defendant HydraService, Inc.

88.     Defendant HydraService owed a duty to Representative Plaintiffs and the members of the Class to exercise reasonable care in the construction, assembly, testing, leasing, sale, installation, alteration, operation, management, use, inspection, training (operators/users), repair, servicing, and/or maintenance of the subject equipment and/or component parts in use at the River Valley Ingredients Plant, including, but not limited to, the above-referenced pump(s), pipe(s), piping, wastewater system(s), and component parts/attachments that caused, contributed to cause, and/or allowed the discharge and/or spilling of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants into the Mulberry Fork of the Black Warrior River.

89.     Defendant HydraService had a heightened duty of care to Representative Plaintiffs and members of the proposed Class because of the great danger(s), hazard(s), risk(s) of harm, and environmental concerns associated with the construction, leasing, sale, lease, construction, assembly, testing, installation, alteration, operation, use, management, inspection, training (operators/users), repair, servicing, and/or maintenance of the subject equipment and/or component parts in use at the River Valley Ingredients Plant, including, but not limited to, the above-

29

referenced the pump(s), pipe(s), piping, and/or wastewater system(s), and component parts/attachments that caused and/or allowed the discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants into the Mulberry Fork of the Black Warrior River.

90. Defendant HydraService breached its legal duty to Plaintiffs and Class Members by failing to exercise reasonable care and acting with reckless, willful, and wanton disregard for the Plaintiffs and Class Members, in the sale, lease, construction, assembly, testing, installation, alteration, operation, management, inspection, training (operators/users), repair and/or maintenance of the subject equipment and/or component parts in use at the River Valley Ingredients Plant, including, but not limited to, the above-referenced pump(s), pipe(s), piping, wastewater system(s), and component parts/attachments that caused, contributed to cause, and/or allowed the spill/discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants into the Mulberry Fork of the Black Warrior River.

91. The subject wastewater spill/discharge/contamination, acts, omissions, conduct, and/or actions (or inactions) involved in the handling and/or containment of said spill/discharge/contamination, and/or the subsequent remediation of said spill/discharge/contamination was caused by the combining and concurring

negligence, wantonness, recklessness, and/or conduct of the Defendants, including, but not limited to, Defendant HydraService.

92.     Upon information and belief, Representative Plaintiffs aver that the subject spill/discharge/contamination was caused by the joint and/or combining and concurring negligence, wantonness, recklessness, and fault of Defendant HydraService in the following non-exclusive particulars:

   a.   Failing to properly construct, test, install, alter, operate, manage, inspection, train (operators/users), repair and/or maintain the subject equipment and/or component parts in use at the River Valley Ingredients Plant, including, but not limited to, the above-referenced the pump(s), pipe(s), piping, and/or wastewater system(s) and component parts/attachments that caused and/or allowed the discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants into the Mulberry Fork of the Black Warrior River;

   b.   Constructing, assembling testing, installing, altering, operating, managing, inspecting, training (operators/users), repairing, servicing, and/or maintaining the subject equipment and/or component parts in use at the River Valley Ingredients Plant, and/or failing to properly do so, in such a manner that a wastewater spill/discharge occurred and caused, contributed to cause, or allowed raw sewage, effluent materials, toxins, bacteria, and/or other contaminants to be discharged into the Mulberry Fork of the Black Warrior River;

   c.   Failing to properly inspect the subject equipment and/or component parts in use at the River Valley Ingredients Plant to ensure that its equipment and personnel were fit for their intended purpose;

   d.   Acting in a careless, negligent, wanton, and/or reckless manner without due regard for the safety of others;

   e.   Failing to promulgate, implement, and/or enforce rules, policies, procedures, guidelines, protocols, instructions, and/or regulations pertaining to the safe operation of the subject equipment and/or

31

component parts in use at the River Valley Ingredients Plant which, if they had been so promulgated, implemented, observed, and/or enforced, would have averted the subject wastewater spill/discharge and/or prevented or limited the spill/discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants into the Mulberry Fork of the Black Warrior River;

f.    Allowing and/or causing the operation of the subject equipment and/or component parts in use at the River Valley Ingredients Plant with untrained and/or unlicensed personnel;

g.    Causing, contributing to, and/or allowing inadequate, insufficient, negligent, wanton, and/or reckless training of operators and/or users of the subject equipment and/or component parts in use at the River Valley Ingredients Plant;

h.    Failing to take appropriate action(s), acts, omissions, and/or steps to prevent, avoid, mitigate, and/or timely address the subject wastewater spill/discharge;

i.    Negligent, wanton, and/or reckless implementation of policies and/or procedures to safely construct, assemble, test, install, alter, operate, manage, inspect, train (operators/users), repair, service, and/or maintain the subject equipment and/or component parts in use at the River Valley Ingredients Plant, including, but not limited to, the above-referenced the pump(s), pipe(s), piping, and/or wastewater system(s) and component parts/attachments that caused, contributed to cause, and/or allowed the discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants into the Mulberry Fork of the Black Warrior River;

j.    Employing untrained or poorly trained employees and failing to properly train, teach, and/or advise employees, operators, and/or users of the subject equipment and/or component parts in use at the River Valley Ingredients Plant, including, but not limited to, the above-referenced the pump(s), pipe(s), piping, and/or wastewater system(s) and component parts/attachments that caused, contributed to cause, and/or allowed the discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants into the Mulberry Fork of the Black Warrior River;

k.      Failing to confirm and/or ensure that the equipment, component parts, and/or attachments in use at the River Valley Ingredients Plant were free from defects and/or were in proper working order;

l.      Failure to timely, adequately, properly, and/or appropriately warn;

m.      Failure to timely recognize active, pending, and/or potential defects, failures, and/or problems causing, contributing to, and/or allowing the release and/or discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants and/or the failure to timely bring the release and/or discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants under control;

n.      Failure to provide appropriate accident preventive equipment;

o.      Failure to timely, frequently, properly, and/or sufficiently observe and read gauges that would have predicted and/or indicated the impending and/or actual release and/or discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants;

p.      Failure to react to signs or indications of present or pending dangerous situations;

q.      The use of defective products, equipment, and/or component parts – including, but not limited to, the pump(s), pipe(s), piping, and/or wastewater system(s) referenced herein;

r.      The use of products, equipment, and/or component parts – including, but not limited to, the pump(s), pipe(s), piping, and/or wastewater system(s) referenced herein – that were improperly installed, maintained, and/or operated;

s.      Acting in a manner that justifies imposition of punitive damages; and

t.      Such other acts, omissions, and/or incidents of negligence, wantonness, and/or recklessness as will be shown at the trial of this matter.

93. Defendant HydraService knew or should have known that its negligent, willful, wanton, and/or reckless conduct, acts, omissions, and/or actions would foreseeably result in the subject spill/discharge/contamination, causing and/or contributing to cause injuries and damage(s) to Representative Plaintiffs and members of the proposed Class.

94. The injuries and damage(s) to Representative Plaintiffs and the members of the Class were also caused, contributed to, and/or exacerbated or aggravated by the fact that Defendant HydraService failed to timely take necessary actions to mitigate, lessen, and/or eliminate the danger(s), hazard(s), and/or risk(s) of harm associated with their operations, service(s), and/or product(s).

95. In addition, the subject spill/discharge/contamination event would not have occurred had the Defendants exercised the high degree of care imposed on them. Therefore, Plaintiffs plead the doctrine of *res ipsa loquitur.*

96. Representative Plaintiffs and the members of the Class are entitled to a judgment finding Defendants liable to Representative Plaintiffs and the members of the proposed Class for damages suffered as a result of Defendants' negligence, willfulness, recklessness, and/or wantonness, and an award to the Representative Plaintiffs and the members of the Class of adequate compensation, including punitive damages, in amounts determined by a jury.

## Defendant Jasper Water Works and Sewer Board, Inc.

97.     In addition to the above-referenced negligence, wantonness, and/or recklessness of Defendants Tyson, Spann, and/or HydraService, Representative Plaintiffs and the members of the proposed Class have been injured and/or damaged by the negligence, wantonness, and/or recklessness of Defendant Jasper Water Works and Sewer Board, Inc.

98.     Defendant JWWSB owed a duty to Representative Plaintiffs and members of the Class to exercise reasonable care in the treatment, containment, processing, and/or safeguarding of water that was provided to the public prior to, during, and subsequent to the June 5-6, 2019 spill/discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants into the Mulberry Fork of the Black Warrior River.

99.     Moreover, Defendant JWWSB owed a duty to Representative Plaintiffs and members of the proposed Class to exercise reasonable care and diligence in the warning of the general public about the subject spill/discharge/contamination (and all risks, dangers, and/or problems that might be associated with such a spill/discharge/contamination) during, and subsequent to, the June 5-6, 2019 spill/discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants into the Mulberry Fork of the Black Warrior River.

100. Defendant JWWSB had a heightened duty of care to Representative Plaintiffs and members of the proposed Class because of the great danger(s), hazard(s), risk(s) of harm, and environmental, medical, and economic concerns associated with the subject June 5-6, 2019 spill/contamination and the discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants into the Mulberry Fork of the Black Warrior River (and subsequent provision of such tainted water to the general public, including Representative Plaintiffs and members of the Class, by Defendant JWWSB).

101. Representative Plaintiffs and members of the proposed Class had an absolute right to make informed and/or educated choices about their use, ingestion, consumption, and/or exposure to such dangerous, hazardous, harmful, and contaminated water, and Defendant JWWSB made conscious decisions to take that right away from Representative Plaintiffs and members of the proposed Class.

102. Defendant JWWSB breached its legal duties to Representative Plaintiffs and members of the proposed Class by failing to exercise reasonable care and diligence, and by acting with reckless, willful, and wanton disregard for the Representative Plaintiffs and members of the Class, in its failure to take timely, proper, adequate, and necessary steps to contain, remediate, treat, and/or safeguard the contaminated water during and after the June 5-6, 2019 spill/discharge of raw

sewage, effluent materials, toxins, bacteria, and/or other contaminants into the Mulberry Fork of the Black Warrior River.

103. Moreover, Defendant JWWSB breached its legal duties to Representative Plaintiffs and members of the proposed Class by failing to exercise reasonable care and diligence, and by acting with reckless, willful, and wanton disregard for the Representative Plaintiffs and members of the proposed Class, in its failure and/or refusal to notify the Representative Plaintiffs and the members of the proposed Class of the serious situation regarding polluted/contaminated water and the potential dangers, hazards, risks, and/or environmental, medical, and economic concerns associated with the subject spill/discharge/contamination and the discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants into the Mulberry Fork of the Black Warrior River (and subsequent provision of such tainted water to the general public, including Representative Plaintiffs and the members of the proposed Class, by Defendant JWWSB).

104. The damages and injuries suffered by Representative Plaintiffs and the members of the proposed Class were caused by the combining and concurring negligence, wantonness, and/or recklessness of the Defendants, including, but not limited to, Defendant JWWSB.

105. Defendant JWWSB knew or should have known that its negligent, willful, wanton, and/or reckless conduct, acts, omissions, and/or actions would

foreseeably result in injuries and damage(s) to the Representative Plaintiffs and the members of the proposed Class.

106.   The injuries and damages to Representatives Plaintiffs and members of the Class were also caused, contributed to, and/or exacerbated or aggravated by the fact that Defendant JWWSB failed to timely take necessary actions to mitigate, lessen, and/or eliminate the danger(s), hazard(s), and/or risk(s) of harm associated with their operations.

107.   In addition, the subject damages and injuries would not have occurred and/or could and/or would have been avoided, or greatly lessened or reduced, had Defendant JWWSB exercised the high degree of care imposed on it/them. Therefore, Plaintiffs plead the doctrine of *res ipsa loquitur.*

108.   The acts, omissions, actions, and/or conduct of the Defendants represents a conscious disregard for the rights and safety of others including, but not limited to, the Representative Plaintiffs and the members of the proposed Class.

109.   Representative Plaintiffs and the members of the Class are entitled to a judgment finding the Defendants liable to Representative Plaintiffs and the members of the proposed Class for damages suffered as a result of Defendants' negligence, willfulness, recklessness, and/or wantonness, and an award to the Representative Plaintiffs and the members of the Class of adequate compensation, including punitive damages, in amounts determined by a jury.

WHEREFORE, PREMISES CONSIDERED, the Representative Plaintiffs and the members of the proposed Class demand judgment against Defendants Tyson Farms, Inc. d/b/a River Valley Ingredients, HydraService, Inc., Jason Spann, and Jasper Water Works and Sewer Board, Inc. in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus interest, costs, and attorneys' fees, and an award of all such other or further relief to which the Representative Plaintiffs and the members of the proposed Class reasonably may be entitled under the law.

## VII.  COUNT TWO – STRICT LIABILITY

110.  The Representative Plaintiffs and members of the proposed Class hereby adopt and incorporate all prior paragraphs of this First Amended Consolidated Individual and Class Action Complaint as if set out fully herein.

111.  At all times relevant and material to this action, the Defendants have deliberately engaged in an abnormally dangerous activity by generating, storing, discharging, transferring, transporting, handling, and/or allowing the discharge of toxic and/or harmful substances, and/or concealing knowledge of same.

112.  As a direct and/or proximate result of the acts, omissions, actions, and/or conduct of the Defendants, Representative Plaintiffs and members of the proposed Class have lost the beneficial use, enjoyment, and/or exclusive possession of their property and/or business(es); Representative Plaintiffs' and Class members'

properties and/or businesses have declined in value, lost revenues, lost profits, and continue to decline in value, lose revenue, and lose profits as a result of the June 5-6, 2019 spill/discharge incident and the related contamination of waters referenced herein; and/or Representative Plaintiffs and members of the proposed Class have suffered, experienced, and incurred, and continue to suffer, experience, and incur, compensatory damages, economic loss(es), property damage, business damage(s), economic loss(es), business loss(es), non-economic loss(es), emotional distress, mental anguish, pain, suffering, personal injury, lost wages, lost earning capacity, lost revenue(s), lost profit(s), loss and/or interference with the quiet, normal, usual, and expected use and enjoyment of property and natural resources, inconvenience, and/or humiliation.

113. The Defendants are strictly liable for the above-referenced injuries and damage(s) which resulted directly and/or proximately from the Defendants engaging in an abnormally dangerous activity.

WHEREFORE, PREMISES CONSIDERED, the Representative Plaintiffs and the members of the proposed Class demand judgment against Defendants Tyson Farms, Inc. d/b/a River Valley Ingredients, HydraService, Inc., Jason Spann, and Jasper Water Works and Sewer Board, Inc. in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus interest, costs, and attorneys' fees, and an award of all such other or further relief to which the

Representative Plaintiff and the members of the proposed Class  reasonably may be entitled under the law.

## VIII. <u>COUNT THREE - NUISANCE</u>

114.   The Representative Plaintiffs and members of the proposed Class hereby adopt and incorporate all prior paragraphs of this First Amended Consolidated Individual and Class Action Complaint as if set out fully herein.

115.   At all times relevant and material to this First Amended Consolidated Individual and Class Action Complaint, Defendants Tyson and/or Spann owed a duty to Representative Plaintiffs and members of the proposed Class to exercise reasonable care and diligence in the ownership, installation, assembly, construction, alteration, operation, management, inspection, training, repair, servicing, use, and/or maintenance of the River Valley Ingredients Plant and all component parts thereof or attachments thereto.

116.   At all times relevant and material to this action, Defendant HydraService owed a duty to Representative Plaintiffs and members of the proposed Class to exercise reasonable care and diligence in the construction, assembly, installation, testing, leasing, sale, alteration, operation, management, inspection, training (operators/users), repair, servicing, and/or maintenance of the subject equipment and/or component parts in use at the River Valley Ingredients Plant, including, but not limited to, the above-referenced pump(s), pipe(s), piping, and/or

wastewater system(s) and component parts/attachments that caused and/or allowed the spill/discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants into the Mulberry Fork of the Black Warrior River.

117. At all times relevant and material to this action, Defendant JWWSB owed a duty to Representative Plaintiffs and members of the proposed Class to exercise reasonable care and diligence in the treatment, containment, processing, and/or safeguarding of water that was provided to the public prior to, during, and subsequent to the June 5-6, 2019 spill/discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants into the Mulberry Fork of the Black Warrior River.

118. Moreover, Defendant JWWSB owed a duty to Representative Plaintiffs and members of the proposed Class to exercise reasonable care and diligence in the warning of the general public about the subject spill/discharge/contamination (and all risks, dangers, hazards, and/or problems that might be associated with such a spill/discharge/contamination) during, and subsequent to the spill/discharge of raw sewage, effluent materials, toxins, bacteria, and/or other contaminants into the Mulberry Fork of the Black Warrior River.

119. The Defendants negligently, purposefully, knowingly, willfully, wantonly, and/or recklessly breached their duty and/or duties of care as referenced above and herein.

120.    Moreover, the Defendants knew or should have known that failure to act with requisite due care and diligence in carrying out and fulfilling the above-referenced duties and responsibilities would result and/or would likely or probably result in injuries, harms, and/or damages to the Representative Plaintiffs and the members of the proposed Class.

121.    As a direct and/or proximate result of the Defendants' negligent, wanton, reckless, and/or wrongful conduct, acts, omissions, actions, and/or behavior, the Representative Plaintiffs and the members of the proposed Class have been injured and damaged as set forth herein.

122.    As a result of their proximity to the contaminated water and/or due to the direct contact, exposure, and/or damages suffered by the Representative Plaintiffs and members of the proposed Class referenced herein, the harms inflicted upon these individuals, property owners/occupiers, and/or businesses is different in kind and degree from the damage suffered by the public in general.

123.    The Defendants' conduct, acts, omissions, actions, and/or behavior and the resulting harms, losses, injuries, and/or damages constitutes a nuisance to the Representative Plaintiffs and the members of the proposed Class including, but not limited to, injuries to the person of the Representative Plaintiffs and members of the proposed Class, interference with the Representative Plaintiffs' and Class members' quiet enjoyment and use of their property, significant damage to and/or diminution

of the value of the Representative Plaintiffs' and Class members' real and/or personal property/properties and/or businesses, and/or a negative effect and/or impact on the Representative Plaintiffs' and Class members' earning capacity, business income, business revenue, use of natural resources, and/or general/normal/usual/expected use and enjoyment of their real property, personal property, and/or business(es).

124. The Defendants' actions, acts, omissions, conduct, and/or behavior were/was negligent, intentional, willful, wanton, reckless, and/or malicious, and were carried out with a total, conscious, and/or reckless disregard to the law or health, rights, safety, welfare, and/or convenience of the Representative Plaintiffs and the members of the proposed Class.

WHEREFORE, PREMISES CONSIDERED, the Representative Plaintiffs and the members of the proposed Class demand judgment against Defendants Tyson Farms, Inc. d/b/a River Valley Ingredients, HydraService, Inc., Jason Spann, and Jasper Water Works and Sewer Board, Inc. in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus interest, costs, and attorneys' fees, and an award of all such other or further relief to which the Representative Plaintiff and the members of the proposed Class reasonably may be entitled under the law.

## IX.    COUNT FOUR – INJUNCTIVE RELIEF

125.   The Representative Plaintiffs and members of the proposed Class hereby adopt and incorporate all prior paragraphs of this First Amended Consolidated Individual and Class Action Complaint as if set out fully herein.

126.   The wrongful acts, omissions, actions, behavior, and conduct of the Defendants as alleged herein have caused and/or contributed to cause, and will continue to cause and/or contribute to cause, irreparable harm to the Representative Plaintiffs and the members of the proposed Class for which there is no adequate remedy other than a permanent injunction prohibiting such conduct, acts, omissions, actions, and/or behavior by the Defendants.

127.   The Representative Plaintiffs and the members of the proposed Class respectfully ask the Court to enter an Order awarding them permanent and mandatory injunctive relief, including remediation and abatement of contamination, and requiring that the Defendants refrain from the negligent, willful, wanton, reckless, tortious, unlawful, and/or illegal dispersing, discharging, spilling, transporting, exposing, and/or dissemination of toxic and other harmful substances onto and/or into their waterways, water sources, properties, businesses, and their person(s).

## X. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Representative Plaintiffs and the members of the proposed Class demand judgment against Defendants Tyson Farms, Inc. d/b/a River Valley Ingredients, HydraService, Inc., Jason Spann, and Jasper Water Works and Sewer Board, Inc., jointly and severally, and respectfully request that the Court grant the following relief:

a. Award the Representative Plaintiffs and the members of the proposed Class damages in an amount greater than five million dollars ($5,000,000.00) sufficient to compensate them for personal injuries, economic damages, non-economic damages, consequential damages, medical expenses, out-of-pocket expenses, lost wages, lost earning capacity, pain, suffering, mental anguish, emotional distress, humiliation, nuisance, loss and/or diminution of value to real property, personal property, and/or business(es), lost business income, lost profits, revenue, and/or profitability, loss of and/or interference with the use of natural resources, and loss of and/or interference with the general, normal, quiet, and/or usual use and enjoyment of real property, personal property, and/or business(es), loss of quality and enjoyment of life, aggravation, inconvenience, exacerbation, humiliation, and reasonably ascertainable future expenses;

b. Issue an injunction requiring the Defendants to engage in, employ, utilize, and use remediation and abatement efforts and measures to address and, to the fullest extent possible, correct the contamination caused by the subject June 5-6, 2019 wastewater spill/discharge event, and requiring that the Defendants refrain from the negligent, willful, wanton, reckless, tortious, unlawful, and/or illegal dispersing, discharging, spilling, transporting, exposing, and/or dissemination of the same and/or similar toxic and other harmful substances onto the properties, businesses, and person(s) of the Representative Plaintiffs and the members of the proposed Class in the future to prevent such toxic and harmful substances and contaminants from continuing to contaminate and negatively affect and impact the water supplies, properties, businesses, and their health, safety, and welfare, based upon

46

the continuing irreparable injury to the Representative Plaintiffs and members of the proposed Class posed by the continuing nuisance and damage to the property interests of the Representative Plaintiffs and members of the proposed Class, for which there is no adequate remedy at law;

c.    Award the Representative Plaintiffs and the members of the proposed Class punitive damages;

d.    Award the Representative Plaintiffs and the members of the proposed Class pre-judgment and post-judgment interest at the maximum rate allowable by law;

e.    Award the Representative Plaintiffs and the members of the proposed Class attorneys' fees and costs incurred in relation to this litigation;

f.    That this case be certified as a Class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Representative Plaintiffs be appointed as Class Representatives, and the undersigned counsel be appointed as counsel for the Class;

g.    Award the Representative Plaintiffs and the members of the proposed Class such other and further relief available under all applicable state and federal laws and any relief the court deems just, proper, appropriate, and equitable; and

h.    A trial by jury as to the Representative Plaintiffs' and the proposed Class members' claims against all Defendants.

## **PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY**

Respectfully submitted,

*Justin C. Owen*

Justin C. Owen (asb-9718-i36o)
Joshua M. Vick (asb-1474-s70v)
Dennis E. Goldasich, Jr (asb-5935-d62d)
GOLDASICH, VICK, & FULK
2100 3rd Avenue North, Suite 400
Birmingham, AL 35203
Tel.: (205) 731-2566
Fax: (205) 731-9451
Email: justin@golaw.net
        josh@golaw.net
        dennis@golaw.net
*Counsel for the Plaintiffs*

*/s/ Robert O. Bryan*

Robert O. Bryan (asb-1420-r65r)
NELSON, BRYAN, & CROSS
1807 Corona Avenue, # 200
Jasper, AL 35502
Tel.: (205) 387-7777
Fax: (205) 384-0659
Email:bob@nelsonbryancross.com
*Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2020, I filed and served a copy of the foregoing upon all parties and attorneys of record via the Court's CM/ECF electronic filing system, U.S. Postal Service Certified Mail (return receipt requested), and U.S. Postal Service First Class Mail, which will send notification of such filing to the following persons of record:

Bryan O. Balogh, Esq.
R. Frank Springfield, Esq.
Robert S. W. Given, Esq.
D. Matthew Centeno, Esq.
Burr & Forman, LLP
420 20th Street North, Suite 3400
Birmingham, AL 35203
Tel.: (205) 251-3000
Fax: (205) 458-5100
Email: bbalogh@burr.com
        fspringfield@burr.com
        rgiven@burr.com
        mcenteno@burr.com
*Attorneys for Defendant HydraService, Inc.*

James Thomas Burgess, Esq.
Scott M. Roberts, Esq.
Burgess Roberts LLC
2017 Morris Avenue, Suite 100
Birmingham, AL 35203
Tel.: (205) 870-8611
Fax: (205) 870-8688
Email: tburgess@burgessroberts.com
        sroberts@burgessroberts.com
*Attorneys for Defendant Jasper Water Works and Sewer Board, Inc.*

Edward S. Sledge, IV, Esq.
Clyde Whittaker Steineker, Esq.
William S. Cox, III, Esq.
Davis S. Vaughn, Esq.
Angela Marie Schaefer, Esq.
Kriston Laney Gifford, Esq.
Michael R. Pennington, Esq.
Scott B. Smith, Esq.
Zachary A. Madonia, Esq.
Bradley Arant Boult Cummings LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL 35203
Tel.: (205) 521-8000
Fax: (205) 521-8800
        Email: esledge@bradley.com
        wsteineker@bradley.com
        bcox@bradley.com
        dvaughn@bradley.com
        aschaefer@bradley.com
        lgifford@bradley.com
        mpennington@bradley.com
        ssmith@bradley.com
        zmadonia@bradley.com
*Attorneys for Defendant Tyson Farms, Inc.*

James C. Brakefield, Esq.
Jackson, Fikes & Brakefield
1816 Third Avenue, Suite 200
Jasper, AL 35501
Tel.: (205) 387-2171
Fax: (205) 387-2174
Email: jbrakefield@jacksonandfikes.com
*Attorney for Defendant Jasper Water Works
and Sewer Board, Inc.*

Albert Bower, Esq.
Eric L. Samore, Esq.
Erin A. Walsh, Esq.
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
Tel.: (312) 894-3200
Fax: (312) 894-3210
Email: abower@salawus.com
        esamore@salawus.com
        ewalsh@salawus.com
*Attorneys for Defendant Jasper Water Works
And Sewer Board, Inc.*

James L. Noles, Jr., Esq.
Spencer M. Taylor, Esq.
Lisa J. McCrary, Esq.
Barze Taylor Noles Lowther, LLC
Lakeshore Plaza
2204 Lakeshore Drive, Suite 330
Birmingham, AL 35209
Tel.: (205) 872-1032
Fax: (205) 872-0339
Email: jnoles@btnllaw.com
        staylor@btnllaw.com
        lmccrary@btnllaw.com
*Attorneys for Defendant Jason Spann*

/s/ Justin C. Owen
OF COUNSEL