FILED

2020 Sep-22  PM 04:36
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **KATHY RUSSELL; TIFFANY ASHLEY; and KRYSTAL STASKO, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**TYSON FARMS, INC. d/b/a RIVER VALLEY INGREDIENTS; JASON SPANN; HSI, INC. and JASPER WATER WORKS AND SEWER BOARD, INC.,**<br><br>**Defendants.** | **CIVIL ACTION NO. 5:19-cv-01179-LCB** |

## DEFENDANT HYDRA SERVICE, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant Hydra Service, Inc. ("HSI"), pursuant to *Fed. R. Civ. P.* 8, 12, and 15, submits its Answer to Plaintiffs' First Amended Consolidated Individual and Class Action Complaint.

## I.   INTRODUCTION.

1.   HSI denies it is liable for the damages and injuries alleged in this paragraph.  As to the remaining allegations in this paragraph, HSI is without sufficient information or knowledge to form a belief as to the truth of assertions contained therein, and therefore denies same and demands strict proof thereof.

2.      HSI denies it is liable to Plaintiffs for the damages and injuries alleged in this paragraph and demands strict proof thereof. The remaining portion of this paragraph calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies same and demands strict proof thereof.

3.      HSI denies the allegations of this paragraph and demands strict proof thereof.

4.      HSI denies the allegations of this paragraph and demands strict proof thereof.

## II.   **<u>JURISDICTION.</u>**

5.      This paragraph calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies the allegations of this paragraph and demands strict proof thereof.

6.      This paragraph contains legal assertions to which no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained therein, and therefore denies same and demands strict proof thereof.

## III.   **<u>PARTIES.</u>**

7.     HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

8.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

9.     HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

10.    HSI denies the allegations contained in this paragraph and demands strict proof thereof.

11.    HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

12.    HSI denies the allegations contained in this paragraph and demands strict proof thereof.

13.    This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

14.    This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

15.    This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

16.    This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

17.    HSI admits it is an Alabama corporation.  HSI denies the remaining portion of this paragraph and demands strict proof thereof.

18.    HSI admits it rented and installed equipment at the River Valley Ingredients plant in Hanceville, Alabama. HSI denies the remaining portions of this paragraph and demands strict proof thereof.

19.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

20.     This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

21.     This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

## IV.   **FACTUAL ASSERTIONS.**

22.     HSI adopts and incorporates its responses to Paragraph Nos. 1-21 as if fully set forth herein.

23.     HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

24.     HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

25.     This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

26.     This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

27.     This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

28.    HSI admits that a release occurred on June 6, 2019 at Defendant Tyson's facility into the Dave Young Creek, a tributary of the Mulberry Fork.  HSI denies the remaining portions of this paragraph and demands strict proof thereof.

29.    HSI denies the allegations contained in this paragraph and demands strict proof thereof.

30.    This paragraph, including footnote 1 referenced therein, does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph or footnote 1 referenced therein, and therefore denies same and demands strict proof thereof.

31.    HSI denies the allegations contained in this paragraph and demands strict proof thereof.

32.    HSI denies the allegations contained in this paragraph and demands strict proof thereof.

33.    This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof. Further, to the extent Defendant Tyson has made statements regarding the

June 6, 2019 release, those are the statements of Defendant Tyson only, are not HSI's statements, and those statements speak for themselves.

34.    This paragraph, including footnote 2 contained therein, does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph or footnote 2 contained therein, and therefore denies same and demands strict proof thereof. Further, to the extent Alabama's Division of Wildlife and Freshwater Fisheries has reports regarding the subject accident, those are the reports of Alabama's Division of Wildlife and Freshwater Fisheries only, are not HSI's statements, and those statements speak for themselves.

35.    HSI denies the allegations contained in this paragraph, including footnote 3 contained therein, and demands strict proof thereof.

36.    HSI denies the allegations contained in this paragraph and demands strict proof thereof.

37.    HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

38.     HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

39.     This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

40.     This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

41.     This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

42.     This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without

sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

43.    HSI denies the allegations contained in this paragraph and demands strict proof thereof.

44.    HSI denies the allegations contained in this paragraph and demands strict proof thereof.

45.    HSI denies it is liable for the injuries and damages alleged in this paragraph.  The remaining portion of this paragraph calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies same and demands strict proof thereof.

46.    HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof

47.    HSI denies the allegations contained in this paragraph and demands strict proof thereof.

48.    HSI denies the allegations contained in this paragraph and demands strict proof thereof.

49.    HSI denies the allegations contained in this paragraph and demands strict proof thereof.

50.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

51.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

52.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

53.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

54.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

55.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

56.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

## V.     <u>CLASS ACTION ALLEGATIONS.</u>

57.     HSI adopts and incorporates its responses to Paragraph Nos. 1-56 as if fully set forth herein.

58.     This paragraph calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies same and demands strict proof thereof.

59.     This paragraph calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies same and demands strict proof thereof.

60.     This paragraph calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies same and demands strict proof thereof.

61.     This paragraph, including its subparts, calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies same and demands strict proof thereof.

62.     This paragraph calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies same and demands strict proof thereof.

63.     This paragraph calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies same and demands strict proof thereof.

64.     This paragraph calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies same and demands strict proof thereof.

65.     HSI denies the allegations contained in this paragraph, including its subparts, and demands strict proof thereof.

66.     This paragraph calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies same and demands strict proof thereof.

67.     This paragraph calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies same and demands strict proof thereof.

68.     This paragraph calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies same and demands strict proof thereof.

69.     This paragraph calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies same and demands strict proof thereof.

70.     This paragraph calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies same and demands strict proof thereof.

71.     This paragraph calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies same and demands strict proof thereof.

72.    This paragraph calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies same and demands strict proof thereof.

73.    This paragraph calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies same and demands strict proof thereof.

74.    HSI denies the allegations contained in this paragraph and demands strict proof thereof.

75.    This paragraph calls for a legal conclusion, and therefore, no response appears to be required.  To the extent a response is required, HSI denies same and demands strict proof thereof.

## VI.    COUNT ONE – NEGLIGENCE AND/OR WANTONNESS.

### Defendants Tyson Farms, Inc. and/or Jason Spann

76.    HSI adopts and incorporates its responses to Paragraph Nos. 1-75 as if fully set forth herein.

77.    This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

78.     This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

79.     This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

80.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

81.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

82.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

    a.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

    b.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

c.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

d.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

e.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

f.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

g.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

h.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

i.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

j.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

k.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

l.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

m. HSI denies the allegations contained in this paragraph and demands strict proof thereof.

n. HSI denies the allegations contained in this paragraph and demands strict proof thereof.

o. HSI denies the allegations contained in this paragraph and demands strict proof thereof.

p. HSI denies the allegations contained in this paragraph and demands strict proof thereof.

q. HSI denies the allegations contained in this paragraph and demands strict proof thereof.

r. HSI denies the allegations contained in this paragraph and demands strict proof thereof.

s. HSI denies the allegations contained in this paragraph and demands strict proof thereof.

t. HSI denies the allegations contained in this paragraph and demands strict proof thereof.

83. This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required. To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions

contained in this paragraph, and therefore denies same and demands strict proof thereof.

84.     This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

85.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

86.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

## **Defendant HydraService, Inc.**

87.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

88.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

89.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

90.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

91.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

92.     HSI denies the allegations contained in this paragraph and demands strict proof thereof.

    a.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

    b.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

    c.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

    d.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

    e.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

    f.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

    g.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

    h.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

i.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

j.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

k.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

l.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

m.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

n.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

o.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

p.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

q.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

r.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

s.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

t.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

93.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

94.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

95.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

96.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

### Defendant Jasper Water Works and Sewer Board, Inc.

97.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

98.  This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

99.     This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

100.    This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

101.    This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

102.    This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

103.   This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

104.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

105.   This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

106.   This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

107.   This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions

contained in this paragraph, and therefore denies same and demands strict proof thereof.

108.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

109.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

In response to the unnumbered WHEREFORE paragraph, HSI denies Plaintiffs are entitled to the relief requested in Plaintiffs' First Amended Consolidated Individual and Class Action Complaint, or any other relief, and demands strict proof thereof.

## VII.   COUNT TWO – STRICT LIABILITY.

110.   HSI adopts and incorporates its responses to Paragraph Nos. 1-109 as if fully set forth herein.

111.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

112.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

113.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

In response to the unnumbered WHEREFORE paragraph, HSI denies Plaintiffs are entitled to the relief requested in Plaintiffs' First Amended Consolidated Individual and Class Action Complaint, or any other relief, and demands strict proof thereof.

## VIII.  COUNT THREE – NUISANCE

114.   HSI adopts and incorporates its responses to Paragraph Nos. 1-113 as if fully set forth herein.

115.   This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

116.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

117.   This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

118.   This paragraph does not appear to be directed at HSI, and therefore, no response appears to be required.  To the extent a response is required, HSI is without sufficient information or knowledge to form a belief as to the truth of the assertions contained in this paragraph, and therefore denies same and demands strict proof thereof.

119.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

120.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

121.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

122.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

123.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

124.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

In response to the unnumbered WHEREFORE paragraph, HSI denies Plaintiffs are entitled to the relief requested in Plaintiffs' First Amended

Consolidated Individual and Class Action Complaint, or any other relief, and demands strict proof thereof.

## IX.  COUNT FOUR – INJUNCTIVE RELIEF

125.   HSI adopts and incorporates its responses to Paragraph Nos. 1-124 as if fully set forth herein.

126.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

127.   HSI denies the allegations contained in this paragraph and demands strict proof thereof.

## X.  PRAYER FOR RELIEF.

In response to the unnumbered paragraph beginning "WHEREFORE," HSI denies it is liable for the relief requested and demands strict proof thereof.  HSI responds to Plaintiff's specific relief as follows:

 a.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

 b.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

 c.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

   d.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

   e.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

   f.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

   g.  HSI denies the allegations contained in this paragraph and demands strict proof thereof.

   h.  HSI is not required to respond to subparagraph (h).

## GENERAL DENIAL

Unless specifically admitted, HSI denies the material allegations of Plaintiffs' First Amended Consolidated Individual and Class Action Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

HSI asserts the following affirmative defenses to the claims alleged against HSI in Plaintiffs' First Amended Consolidated Individual and Class Action Complaint.

## FIRST DEFENSE

Plaintiffs' First Amended Consolidated Individual and Class Action Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs lack standing to pursue some or all claims.

## THIRD DEFENSE

HSI asserts the defense of lack of personal jurisdiction.

## FOURTH DEFENSE

HSI asserts the defense of lack of subject matter jurisdiction.

## FIFTH DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

## SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in party by the doctrines of waiver, release, estoppel, unclean hands, ratification, consent, and acquiescence.

## EIGHTH DEFENSE

Plaintiffs' First Amended Consolidated Individual and Class Action Complaint should be dismissed for failure to join an indispensable party.

## NINTH DEFENSE

Some or all of the damages sought in Plaintiffs' First Amended Consolidated Individual and Class Action Complaint constitute impermissible double recovery for the alleged injuries.

## TENTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel.

## ELEVENTH DEFENSE

Any injuries or damages complained of in Plaintiffs' First Amended Consolidated Individual and Class Action Complaint were not caused by HSI's alleged actions.

## TWELFTH DEFENSE

HSI is entitled to a set-off for any payments made to Plaintiffs by third persons, firms, trusts, or corporations, in settlement of any of Plaintiffs' claims.

## THIRTEENTH DEFENSE

To the extent any of the claimed damages have been or will be indemnified in whole or in part from any collateral source, any verdict of judgment against HSI must be reduced by those amounts.

## FOURTEENTH DEFENSE

HSI owed no duty to Plaintiffs.

## FIFTEENTH DEFENSE

The proximate cause of any injury sustained by Plaintiffs was an event or incident which was not legally foreseeable by HSI, and, therefore, HSI has no legal liability for any of Plaintiffs' damages.

## SIXTEENTH DEFENSE

An independent, intervening, and superseding event or other negligence prevents any recovery by Plaintiffs against HSI.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred by Plaintiffs' contributory negligence, assumption of the risk, and failure to mitigate damages.

## EIGHTEENTH DEFENSE

The damages sought are too speculative and remote for recovery by Plaintiffs.

## NINETEENTH DEFENSE

Plaintiffs' claims violate the due process provisions of the United States Constitution to the extent that they seek to deprive Defendant of procedural and substantive safeguards, including traditional defenses to liability.

## TWENTIETH DEFENSE

Plaintiffs' claim for attorneys' fees are barred because HSI has not acted in a manner that gives rise to a claim for attorneys' fees or for the expenses of litigation.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred by application of the permit shield provisions of the relevant federal environmental regulations.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims for punitive damages are barred in whole or in part by the Due Process Clause of the United States Constitution and Ala. Code § 6-11-20, *et seq.*

## TWENTY-THIRD DEFENSE

The imposition of punitive damages under Alabama law is unconstitutional because it permits the imposition of an excessive criminal fine and does not require proof beyond a reasonable doubt, nor does it provide other necessary constitutional protections.

## TWENTY-FOURTH DEFENSE

The imposition of punitive damages would violate HSI's rights under the Fifth Amendment to the United States Constitution, the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, and Article I, Sections 1, 6, and 22 of the Alabama Constitution because Alabama law allows for the imposition of punitive damages in an arbitrary and capricious manner, does not provide adequate notice to HSI of the severity of the award, and is not rationally related to any legitimate government interest.

## TWENTY-FIFTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Alabama Constitution because the procedures under Alabama law for awarding punitive damages do not provide specific standards on which the award may be based and permit different awards for the same or similar acts.

## TWENTY-SIXTH DEFENSE

Alabama law permitting the imposition of punitive damages is unconstitutionally vague because there are no specific standards by which such an award is made.

## TWENTY-SEVENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clause of the United States Constitution and Article I, Sections 1, 6, and 22 of the Alabama Constitution because the procedures for such an award do not provide for a reasonable limit on the amount of the award.

## TWENTY-EIGHTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clause of the United States Constitution and Article I, Section 1, 6, and 22 of the Alabama Constitution because a defendant is not given notice of the conduct that

would subject the defendant to punishment or the severity of the penalty that may be imposed solely by the unbridled discretion of the jury.

## TWENTY-NINTH DEFENSE

HSI asserts that an award of punitive damages may not exceed the limits imposed under Ala. Code § 6-11-21, as amended.

## THIRTIETH DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to HSI in this case.

## THIRTY-FIRST DEFENSE

HSI asserts that punitive damages may not be imposed for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee, or servant under Ala. Code § 6-11-27.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims against HSI are barred, in whole or in part, because HSI's conduct was in accordance with the applicable standards of care under all laws, regulations, and industry practice.  HSI acted in a reasonable manner and in good faith.

## THIRTY-FOURTH DEFENSE

HSI denies that it is guilty of any conduct which warrants the issue of punitive damages being submitted to a jury.

## THIRTY-FIFTH DEFENSE

To the extent not otherwise addressed, Plaintiffs do not sufficiently allege general or specific causation with respect to any alleged damages.

## THIRTY-SIXTH DEFENSE

HSI pleads Plaintiffs' damages were caused by an act of god.

## THIRTY-SEVENTH DEFENSE

HSI asserts any state or federal law or regulation, if applicable, that may provide HSI relief against claims asserted by Plaintiffs against HSI.

## THIRTY-EIGHTH DEFENSE

The Complaint fails to satisfy the requirements for class action treatment as prescribed by Federal Rule of Civil Procedure 23.

## THIRTY-NINTH DEFENSE

This action cannot be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because (i) the questions of law and fact are not common to the class, the legal issues differ from class member to class member, and the factual issues will differ depending on a number of different facts applicable to the various putative class members; (ii) the claims or defenses of the representative

parties are not typical of the claims or defenses of the class; and (iii) the Plaintiffs will not fairly and adequately protect the interests of the class.

## FORTIETH DEFENSE

Plaintiffs are not adequate or proper class representatives.

## FORTY-FIRST DEFENSE

A class cannot be certified under the allegations of Plaintiffs' First Amended Consolidated Individual and Class Action Complaint because to do so is violative of the United States Constitution's provisions regarding due process.

## FORTY-SECOND DEFENSE

Defendants deny each and every material allegation of Plaintiffs' First Amended Consolidated Individual and Class Action Complaint as they relate to the request for class certification, and object to any such class action certification on the following grounds:

a. Plaintiffs have failed to join indispensable parties;

b. Plaintiffs' First Amended Consolidated Individual and Class Action Complaint fails to adequately define any class of persons who could properly maintain this action as a class action;

c. The purported class representatives have not sustained their burden of establishing standing;

d.     Defendants' time-based defenses, such as statutes of limitations and laches, mandate the denial of class certification;

e.     Individualized determinations for each class member of controlling state substantive law and the applicability of different state substantive laws to claims by purported class members preclude class certification;

f.     A Rule 23(b)(3) class is inappropriate because individualized issues predominate over common questions and because of insoluble manageability issues;

g.     Lack of commonality of questions of law;

h.     Lack of commonality of questions of fact;

i.     Lack of typicality;

j.     Lack of adequacy of representation;

k.     Lack of requirements for certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

l.     Individual issues predominate over common issues;

m.     A class action is not superior to other available methods for the fair and efficient adjudication of this controversy;

n.     There are difficulties that are likely to be encountered in the management of a class action.

## **FORTY-THIRD DEFENSE**

The putative classes defined in Plaintiffs' First Amended Consolidated Individual and Class Action Complaint are not ascertainable to the extent required by controlling law.

## FORTY-FORTH DEFENSE

Plaintiffs' and other putative class members' claims may be barred because they have not done equity.

## FORTY-FIFTH DEFENSE

The putative classes defined in Plaintiffs' First Amended Consolidated Individual and Class Action Complaint are not ascertainable because they constitute "fail-safe" classes.

## FORTY-SIXTH DEFENSE

HSI adopts and incorporates by reference any Affirmative Defense asserted by any other Defendant to this action, to the extent such Affirmative Defense apply to HSI.

## FORTY-SEVENTH DEFENSE

HSI asserts all caps and/or limits that may be available to HSI under Alabama and Federal law.

## FORTY-EIGHTH DEFENSE

HSI adopts and asserts any affirmative defense asserted by any Defendant in this case as if fully set forth herein.

## FORTY-NINTH DEFENSE

Plaintiffs are not entitled to injunctive or equitable relief against HSI, as Plaintiffs have an adequate remedy at law.

## FIFTIETH DEFENSE

HSI denies that its conduct caused Plaintiffs' hurt, inconvenience, or damage.

## FIFTY-FIRST DEFENSE

HSI denies that its conduct materially interfered with the ordinary comfort of Plaintiffs.

## FIFTY-SECOND DEFENSE

Plaintiffs' claims are barred because Plaintiffs have suffered no diminution in value of their respective properties that is at all related to an act or omission of HSI.

## RESERVATION OF RIGHTS

HSI expressly reserves its right to raise such additional Affirmative Defenses as become known through discovery or otherwise, and to amend the foregoing Affirmative Defenses accordingly.

Respectfully submitted this 22nd day of September, 2020.

*/s/D. Matthew Centeno*
Bryan O. Balogh (ASB-6298-O42B)
R. Frank Springfield (ASB-5196-R81S)
Robert S. Given (ASB-2114-I66R)
D. Matthew Centeno (ASB-9270-X18M)

BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
fspringfield@burr.com
bbalogh@burr.com
rgiven@burr.com
mcenteno@burr.com

Attorneys for Defendant
HydraService, Inc.

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document has been served on the following by Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this 22nd day of September, 2020:

Dennis E. Goldasich, Jr.
Joshua M. Vick
Justin C. Owen
Goldasich, Vick & Fulk
2100 Third Avenue North, Suite 400
Birmingham, AL 35203
josh@golaw.net
dennis@golaw.net
justin@golaw.net
*Counsel for Plaintiffs*

Robert O. Bryan
Nelson, Bryan & Cross
1807 Corona Avenue, #200
Jasper, AL 35502
bob@nelsonbryancross.com
*Counsel for Plaintiffs*

James L. Noles, Jr.
Spencer M. Taylor
Lisa H. McCrary
Barze Taylor Noles Lowther, LLC
Lakeshore Park Plaza
2204 Lakeshore Drive, Suite 330
Birmingham, AL 35209
jnoles@btnllaw.com
staylor@btnllaw.com
lmccrary@btnllaw.com
*Counsel for Jason Spann*

Edward S. Sledge IV
Michael R. Pennington
Zachary A. Madonia

K. Laney Gifford
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203
esledge@bradley.com
mpennington@bradley.com
zmadonia@bradley.com
lgifford@bradley.com
*Counsel for Tyson Farms, Inc.*

Scott Burnett Smith
Angela M. Schaefer
Bradley Arant Boult Cummings LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801
ssmith@bradley.com
aschaefer@bradley.com
*Counsel for Tyson Farms, Inc.*

James Thomas Burgess
Scott M. Roberts
Burgess Roberts LLC
2017 Morris Avenue, Suite 100
Birmingham, AL 35203
tburgess@burgessroberts.com
sroberts@burgessroberts.com
*Counsel for Jasper Water Works and Sewer Board*

Albert Bower
Eric L. Samore
Erin A. Walsh
SmithAmundsen, LLC
150 N. Michigan Avenue, Suite 330
Chicago, IL 60601
abower@salawus.com
esamore@salawus.com
ewalsh@salawus.com
*Counsel for Jasper Water Works and Sewer Board*

James C. Brakefield
Jackson Fikes Hood & Brakefield
P.O. Box 35502
Jasper, AL 35502
jbrakefield@jacksonandfikes.com
*Counsel for Jasper Water Works and Sewer Board*


*/s/D. Matthew Centeno*
OF COUNSEL